No. 05-483

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 165N

JOHN HARPER,

        Plaintiff and Appellant,

   v.

CITY OF KALISPELL, KALISPELL
PARKING COMMISSION, and
JOHN DOES 1-3,

        Defendants and Respondents.

APPEAL FROM:    The District Court of the Eleventh Judicial District,
                     In and For the County of Flathead, Cause No. DV 04-226(C),
                     Honorable Stewart E. Stadler, Presiding Judge.

COUNSEL OF RECORD:

        For Appellant:

                John Harper, *Pro se*, Kalispell, Montana

        For Respondents:

                Todd Hammer, Angela K. Jacobs, Hammer, Hewitt & Jacobs,
                Kalispell, Montana

Submitted on Briefs:  June 21, 2006

Decided:  July 19, 2006

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1       Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2       John Harper ("Harper"), *pro se*, appeals from the Order of the District Court of the Eleventh Judicial District, Flathead County, granting summary judgment in favor of the Defendants, the City of Kalispell and the Kalispell Parking Commission ("Commission"), in Harper's wrongful termination suit.

¶3       Beginning in April of 1997, Harper was employed for a term of approximately one year as the Kalispell Parking Commission Director. At this time, Harper and the Commission entered into a written agreement which provided that Harper's employment would be automatically renewed each year for another one-year term unless either party gave notice seeking re-negotiation. This agreement also provided that the Commission could terminate Harper's employment at will.

¶4       Harper's employment was renewed in each of the subsequent five years. Then, in February of 2003, the Commission notified Harper that it would not again renew his employment. Consequently, Harper filed a suit alleging that the Commission had wrongfully terminated his employment and, in doing so, had violated the covenant of good faith and fair dealing. The City of Kalispell and the Commission then filed a Motion for Summary

2

Judgment, which the District Court granted. Harper now appeals.

¶5 On appeal, Harper argues that the District Court erred in "not considering" the material fact that two of the individuals serving on the Commission were "illegal appointees." Further, Harper argues that absent the "illegal votes" of these two individuals, the Commission did not have authority to take any action with regard to his employment agreement.

¶6 It is manifest on the face of the briefs and the record before us that this appeal is without merit. Accordingly, we conclude that our decision in this case is appropriately rendered by memorandum opinion pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003.

¶7 We are consistently willing to make accommodations for *pro se* litigants by relaxing the technical requirements which do not impact fundamental bases for appeal. However, appellants ultimately bear the burden of establishing error by a district court. *State v. Bailey*, 2004 MT 87, ¶ 26, 320 Mont. 501, ¶ 26, 87 P.3d 1032, ¶ 26.

¶8 Here, Harper can not demonstrate any error because he has failed to meet a threshold requirement of appellate briefing. Pursuant to Rule 23(a)(4), M.R.App.P., an appellant must support his or her contentions with citations to relevant legal authorities. *Rolison v. Deaconess*, 2005 MT 95, ¶ 20, 326 Mont. 491, ¶ 20, 111 P.3d 202, ¶ 20. Although his brief includes passing references to various laws, Harper cites no legal authority supporting his claim of error. Accordingly, we decline to address the merits of his arguments.

¶9 As we have stated, this Court is not obligated to conduct legal research on an

3

appellant's behalf or to develop legal analysis that may lend support to his or her position. *In re Estate of Bayers*, 1999 MT 154, ¶ 19, 295 Mont. 89, ¶ 19, 983 P.2d 339, ¶ 19.  We would have to undertake precisely these tasks in order to consider Harper's arguments any further.

¶10    Affirmed.


                                                             /S/ JAMES C. NELSON


We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JIM RICE